UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FERNAND PAUL AUTERY (#313537)           CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.           NO. 15-0375-SDD-RLB

### ORDER

Before the Court is the Plaintiff's request for a temporary restraining order and preliminary injunction, which request is included in his original and amended complaints.[1]

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana brought this action, pursuant to 42 U.S.C. § 1983, against Warden Burl Cain, Ass't Warden Stephanie Lamartiniere, Optometrist Glenn Coullard, and Optician Shirley Byrd Ott, complaining that the Defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically through a failure to properly treat or attend to his eye complaints. In the instant request for injunctive relief, as amended,[2] the Plaintiff asserts that the brand of "artificial tears" that are provided by the prison medical department for his "dry eyes" is not as effective as other products and that prison officials have refused to allow him to receive more effective products sent from his family. In addition, the Plaintiff asserts that he has had scheduled court dates at the Iberia Parish Courthouse in New Iberia, Louisiana. As a result, prison officials at LSP have

---

[1] Rec. Docs. 1 and 6.

[2] In his original application (R. Doc. 1), the plaintiff referred to an anticipated court appearance in June, 2015, and in his subsequent request (R. Doc. 6), he referred to an anticipated court appearance in September, 2015. Both of these dates have since passed, and injunctive relief is no longer available in connection therewith. The Court will address the plaintiff's requests, however, in light of the potential for subsequent court appearances and future requests for injunctive relief.

transported the Plaintiff to the courthouse and, in doing so, have allegedly passed within several miles of a private ophthalmologist, Dr. Leon LaHaye, who has provided eye treatment to the Plaintiff over many years and who has allegedly agreed to see the Plaintiff as a walk-in patient.  According to the Plaintiff, members of his family have made arrangements for the payment of all costs associated with Dr. LaHaye's treatment.  As a result, the Plaintiff prays for an *Order* compelling prison officials to transport the Plaintiff to Dr. LaHaye's office when the Plaintiff is transported for a court appearance.

In order to obtain injunctive relief, the Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[3]  "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[4]

On the record before the Court, it does not appear that the Plaintiff is entitled to the relief requested.  Whereas he is apparently unhappy with the care that has been provided to him at LSP, his contention that such care has been deficient and that he faces irreparable injury if injunctive relief is not granted is conclusory and is not supported by evidence in the record.  The allegations in the *Complaint* make clear that the Plaintiff has been seen at LSP by both opticians and optometrists, that he has been provided with "artificial tears" and other medications, and that he has been provided with one or more

---

[3] *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

[4] *Id.* at 196.

Telemed appointments with eye care specialists employed at the Louisiana State University Medical Center in New Orleans, Louisiana. Thus, the Plaintiff's allegations do not suggest that prison officials have consciously ignored his complaints or intentionally treated him incorrectly, which is a hallmark of a claim of deliberate medical indifference.[5] Further, the law is clear that an inmate Plaintiff is not entitled to treatment by medical providers of his choice,[6] nor is he entitled to the best possible medical care that may be available.[7] Accordingly, the Plaintiff has failed to establish that he has a substantial likelihood of success on the merits. Finally, the Plaintiff has made no attempt to address the security concerns that are attendant to transporting convicted inmates to private health care providers, particularly when transport officers may also be transporting other inmates and when the private facility is not alleged to regularly treat convicted inmates and so may not be aware of or equipped to address the security protocols associated therewith. These potential security concerns suggest that the harm complained of by the Plaintiff is substantially outweighed by the potential harm to prison officials and the public if injunctive relief is granted. It is likely for this very reason that, as the Plaintiff concedes, the Louisiana Department of Corrections provides that treatment by private health care providers is not available to inmates in the absence of a court order.[8] Accordingly, the Court finds that the Plaintiff has failed to establish the essential components of a viable claim for injunctive relief in this case, and the instant motion shall be denied.

---

[5] See *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

[6] See *Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015).

[7] *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).

[8] See R. Doc. 1-1 at p. 10.

**IT IS HEREBY ORDERED** that the Plaintiff's requests for a temporary restraining order and preliminary injunction[9] are DENIED.

Baton Rouge, Louisiana the __9__ day of November, 2015.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[9] Rec. Docs. 1 and 6.