# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FERDINAND PAUL AUTERY (#313537)**                    **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                              **NO. 15-375-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 30, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FERDINAND PAUL AUTERY (#313537)                    CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                           NO. 15-375-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by defendants Glenn Coullard and Shirley Ott (R. Doc. 36).  This motion is opposed.  *See* R. Doc. 41

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain, Assistant Warden Stephanie LaMartiniere, Optometrist Glenn Coullard, and Assistant Shirley Ott alleging violations of his constitutional rights through deliberate indifference to his serious medical needs.[1]  The plaintiff seeks monetary and injunctive relief.

Defendants Coullard and Ott assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v.*

---

[1] Pursuant to a prior Motion to Dismiss, defendants Cain and Lamartiniere were dismissed from this proceeding. *See* R. Docs. 37 and 43.

*Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*.  (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following with regards to defendants Coullard and Ott:  Between March 5, 2012 and May 7, 2014, on ten occasions defendant Dr. Coullard ignored the plaintiff's complaints regarding ill-fitting contact lenses and dry eyes, until a referral to an ophthalmologist was made on February 3, 2014.  The plaintiff was seen by Dr. Jane Weiss, an ophthalmologist, via telemed, and on May 7, 2014, Dr. Coullard performed a "Shirmer" test per the order of Dr. Weiss.  The results indicated moderate dry eyes, and Dr. Coullard recommended "Systane Ultra" artificial tears to treat the plaintiff's degree of

dry eyes.  The plaintiff contends that because Dr. Coullard did not test for dry eyes for two years, the plaintiff lost the use of his right eye on September 15, 2014.

Beginning in July of 2013, the plaintiff made complaints of pain to Assistant Shirley Ott, who is responsible for all scheduling in the eye clinic.  Ms. Ott falsely stated that a referral to an ophthalmologist had been made, but the referral was not made until February 3, 2014.  On January 28, 2015 and February 9, 2015, the plaintiff made sick calls regarding pain in his right eye.  The plaintiff also wrote to the eye clinic regarding his complaints of pain in his right eye and requested an expedited appointment.  On March 12, 2015, the plaintiff spoke with Ms. Ott in the eye clinic to again request an expedited appointment.  Ms. Ott informed the plaintiff that he already had an appointment scheduled and told the plaintiff to stop bothering her.  On March 25, 2015, the plaintiff was seen by Dr. Coullard who found irritation and inflammation in the plaintiff's cornea and prescribed "Neomycin and Polymixin B Sulfates and Dexamethasone" ophthalmic suspension for 60 days.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims.  Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's federal constitutional or statutory rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  *Id.* at 201.

Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' Motion should be granted. Specifically, the Court concludes that the plaintiff's Complaint, as amended, fails to state a claim for deliberate indifference to his serious medical needs, and that his claims against defendants Coullard and Ott should be dismissed.

Regarding the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability, an inmate plaintiff must sufficiently allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

While the plaintiff is unhappy with his medical care, his allegations make clear that his complaints have not been ignored and that he has been provided with treatment believed to be appropriate for his condition by defendant Coullard. His allegations demonstrate only a disagreement about what medical treatment is appropriate for his condition and complaints that the treatment received was not successful, or at best medical negligence. Disagreement with the medical treatment received, a complaint that the treatment received has been unsuccessful, and medical negligence are insufficient to set forth a constitutional violation. *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). The plaintiff has not alleged that defendants Coullard and Ott engaged in any conduct that would clearly evince a wanton disregard for his serious medical needs. In fact, the plaintiff's original Complaint details numerous appointments, examinations, medications prescribed and medical devices utilized to treat the plaintiff's complaints. Accordingly, the plaintiff's Complaint, as amended, fails to state a claim for deliberate indifference to his serious medical needs against defendants Coullard and Ott.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss

(R. Doc. 36) be granted, and that this matter be dismissed.

Signed in Baton Rouge, Louisiana, on August 30, 2016.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**